Alfa's misrepresentation defense was based upon § 27-14-7, Ala. Code 1975, which provides:
 "(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent;
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
In State Farm Gen. Ins. Co. v. Oliver, 658 F. Supp. 1546
(N.D.Ala. 1987), an insurer sought to avoid payment of benefits to the insured under a fire insurance policy, based upon misrepresentations that the insured had made in his original
application for insurance. In denying the insurer's motion for judgment notwithstanding the verdict, the United States district court held: *Page 945 
 "The only 'policy or contract' here issued in response to [the insured's] application . . . was not the 'policy or contract' which was in force at the time of the fire. The policy here involved was a renewal policy issued one year after [the initial application]. When the Alabama Legislature provided that 'misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery . . . unless', it obviously was mandating a strict interpretation of its subsequent language in favor of the insured. If literally construed, § 27-14-7(a)(3) makes no reference to any 'policy or contract' except a 'policy or contract' issued in direct and immediate response to the false application."
658 F. Supp. at 1550 (emphasis original).
Here, as in State Farm, the policy in effect at the time of the fire was not the original policy, but was instead a renewal
policy that was not issued pursuant to the original application. I agree that the legislature intended that §27-14-7(a)(3) apply only to initial policies and the applications therefor; thus, I conclude that the trial court properly directed a verdict for Oglesby on Alfa's misrepresentation defense.